**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3974-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES DIGREGORIO,

    Defendant-Appellant.

_____

Submitted September 6, 2017 – Decided September 21, 2017

Before Judges Alvarez and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Indictment No. 12-05-0229.

Joseph E. Krakora, Public Defender, attorney for appellant (David J. Reich, Designated Counsel, on the briefs).

Anthony P. Kearns, III, Hunterdon County Prosecutor, attorney for respondent (Jeffrey L. Weinstein, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Charles DiGregorio appeals a March 29, 2016 Law Division Order denying his petition for Post-Conviction Relief (PCR). He appeals, and we affirm.

Defendant entered a guilty plea to an amended charge of Second-Degree Endangering the Welfare of a Child, N.J.S.A. 2C:24-4(b)(4). The original indictment alleged defendant created certain pornographic images of H.C., a child under the age of 16, "on or about diverse dates between January 1, 2007, and December 31, 2010." The amendment, made as a result of information volunteered by defendant and at his request, corrected the date range in which the images were created to between 1994 and 2001. The grand jury issued the indictment on May 24, 2012.

The images were found on October 24, 2011, when, during the course of an unrelated investigation in another state, the Federal Bureau of Investigation (FBI) found nude photographs of H.C. on the suspect's computer. The pictures had been emailed from defendant's computer. A search warrant was executed at defendant's home on November 2, 2011.

The authorities met with H.C. on December 6, 2011. She explained that when she was a child, defendant had taken professional photographs of her, while she was fully clothed. The pornographic photos were created later when defendant manipulated the images so as to make it appear H.C. was nude or partially nude.

The court and counsel extensively discussed the applicable statute of limitations during the course of the entry of

defendant's guilty plea. Eventually, counsel agreed on defendant's behalf that the prosecution was begun within two years of discovery of the crime. Because the indictment issued soon after the discovery of the photographs, and of H.C. learning of their existence, the court was satisfied that the indictment did not violate the time limitations found in N.J.S.A. 2C:1-6(b)(4). The statute reads that a prosecution for a N.J.S.A. 2C:24-4 offense must be commenced, assuming the victim at the time of the offense was below the age of 18, "within five years of the victim's attaining the age of 18 or within two years of the discovery of the offense by the victim, whichever is later[.]"[1]  On June 13, 2013, in accord with the plea, defendant was sentenced to a six-and-a-half year term of imprisonment, with a 589-day jail credit for time already served. The remaining he served at the Adult Diagnostic and Treatment Center. See N.J.S.A. 2C:47-3. Megan's Law applied to the offense. See N.J.S.A. 2C:7-11.

In his PCR petition, defendant argued that the statute of limitations barred prosecution in his case. He contended then, as he does now on appeal, that because H.C. learned about the photos only when the authorities informed her of their existence, she did not "discover" them, and thus no prosecution could proceed.

---

[1] H.C. was born October 11, 1988. The indictment was handed down when she was 23 years old.

He claims that she cannot be considered a "victim" from the manner in which she found out about the doctored photos. The statute of limitations argument is defendant's only point on appeal:

> THE JUDGMENT OF CONVICTION AGAINST DIGREGORIO MUST BE DECLARED VOID AND SET ASIDE BECAUSE THE STATE FAILED TO ESTABLISH THAT THE INDICTMENT WAS FILED WITHIN THE STATUTE OF LIMITATIONS.

A petition for PCR is cognizable where a defendant alleges that the statute of limitations has run and therefore the court lacked the legal authority to convict and sentence. See R. 3:22-2(b) ("A petition for [PCR] is cognizable if based upon . . . [l]ack of jurisdiction of the court to impose the judgment rendered upon defendant's conviction[.]). In addition to the statute of limitations argument, although not by way of separate points, defendant contends that no "discovery" of the crime occurred, and since the victim did not appear at sentencing or send in a written victim impact statement, she is not interested in pursuing the prosecution. Thus defendant urges us to find that the court lacked jurisdiction to sentence him. The arguments lack sufficient merit to warrant much discussion in a written opinion. See R. 2:11-(e)(2).

That the photographs were brought to H.C.'s attention by the authorities does not mean she did not "discover" the crime. Whether she came upon the photographs on her own or was informed

 A-3974-15T4

about them by someone else is irrelevant. She clearly first learned of their existence in December 2011, when interviewed by law enforcement. The statute criminalizes the photographing of a child "in a prohibited sexual act or in the simulation of such an act," and criminalizes the use of a device, here a computer, to "reproduce or reconstruct the image of a child in a prohibited sexual act or in the simulation of such an act."

The original images were innocent — they were images of a fully-clothed child. Later defendant manipulated these images so as to depict nudity and shared those manipulated images with at least one other person on the internet. The discovery of the photos by law enforcement and the victim in 2011 makes that year the baseline for calculating the running of the statute, as opposed to the years in which defendant claims he first engaged in the activity. Defendant was indicted on May 24, 2012, months after the FBI learned about the crime and the authorities met with the victim. Therefore, the indictment fell well within the two years of H.C.'s discovery of the crime, and the prosecution thus falls within the two years permitted by the statute.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3974-15T4